IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JIMMY DAVIS, #51030                                                                                  PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 4:10-cv-212-HTW-LRA

LT. CLAYTON BRYANT, et al.                                                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER

On December 16, 2010, the plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. This court entered on December 20, 2010, an order [3] directing the plaintiff to sign and return an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4) within 30 days. The plaintiff failed to respond or comply with that order.

When the plaintiff failed to comply with the order [3] entered on December 20, 2010, an order to show cause [4] was entered on February 15, 2011, requiring the plaintiff to file a response in writing on or before March 2, 2011, why this case should not be dismissed for his failure to comply with the court's order [3] entered on December 20, 2010. Even though the plaintiff was once again warned in the order [4] of February 15, 2011, that if he did not comply with the court order his case would be dismissed without further notice to him, he failed to comply with the order to show cause [4].

However, out of an abundance of caution, this court entered a second order to show cause [5] on March 21, 2011. The plaintiff was ordered to file a written response on or before April 12, 2011, showing cause why this case should not be dismissed for his failure to comply with the court's orders [3 & 4]. The order [5] further stated that this was the plaintiff's final opportunity to comply with the orders [3 & 4] of this court. The plaintiff was warned in the order [5] of March 21, 2011, that

his failure to comply with the court's order in a timely manner would result in the instant civil action being dismissed without further notice to the plaintiff.

The plaintiff has failed to comply with the orders [3, 4 & 5] of this court.  Consequently, this court finds it apparent from the plaintiff's failure to comply or otherwise communicate with this court that he lacks interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE and under its inherent authority to dismiss the action sua sponte.  See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal will be without prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this Memorandum Opinion and Order will be entered.

This the 29th day of  April, 2011.

> s/ HENRY T. WINGATE
> UNITED STATES DISTRICT JUDGE